IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony Heyward,<br><br>　　　　　　　　Petitioner,<br><br>vs.<br><br>Warden Joseph McFadden, *Lieber Correctional Institution*,<br><br>　　　　　　　　Respondent. | C/A No. 0:13-2459-RMG-PJG<br><br>**REPORT AND RECOMMENDATION** |

  The petitioner, Anthony Heyward ("Heyward"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 34.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 36.) Heyward filed a response in opposition. (ECF No. 41.) Having carefully considered the parties' submissions and the record in this case, the court finds that Heyward's Petition is barred by 28 U.S.C. § 2244(d) as untimely.

## BACKGROUND

  Heyward was indicted in February 2001 in Charleston County for kidnapping and criminal sexual conduct in the first degree (2001-GS-10-550, -549). (App. at 592-95, ECF No. 35-4 at 100-03.) Heyward was subsequently indicted in September 2001 for grand larceny of a motor vehicle (2001-GS-10-6092A). (App. at 596-97, ECF No. 35-4 at 104-05). Heyward was represented by

Leslie Sarji, Esquire, and Boyd Young, Esquire, and on October 16-17, 2001 was tried by a jury and found guilty of kidnapping, criminal sexual conduct in the first degree, and grand larceny.[1]  (App. at 580-81, ECF No. 35-4 at 88-89.)  The circuit court sentenced Heyward to thirty years' imprisonment for kidnapping, thirty years' imprisonment for criminal sexual conduct, and five years' imprisonment for grand larceny, all sentences to be served concurrently.  (App. at 588-89, ECF No. 35-4 at 96-97.)

Heyward timely appealed and was represented by Wanda H. Haile, Esquire, of the South Carolina Office of Appellate Defense, who filed an Anders[2] brief on Heyward's behalf.  (ECF No. 35-5.)  Heyward filed a *pro se* response to the Anders brief.  (ECF No. 35-7.)  On June 3, 2003, the South Carolina Court of Appeals dismissed Heyward's appeal.  (State v. Heyward, Op. No. 2003-UP-378 (S.C. Ct. App. June 3, 2003), ECF No. 35-8.)  Heyward did not file a petition for hearing.  The remittitur was issued on July 7, 2003.  (ECF No. 35-9.)

Heyward filed a *pro se* application for post-conviction relief on October 28, 2003 ("2003 PCR").  (Heyward v. State of South Carolina, 03-CP-10-4516, App. at 613-22, ECF No. 35-13 at 115-24.)  On May 30, 2006, the PCR court held an evidentiary hearing at which Heyward appeared and testified and was represented by C. Clay Olson, Esquire.  (App. at 629, ECF No. 35-13 at 131.)

---

[1] Heyward was also indicted and tried for arson in the third degree, but was found not guilty of this charge.  (App. at 581, ECF No. 35-4 at 89.)

[2] Anders v. California, 386 U.S. 738 (1967).  Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited.  Anders, 386 U.S. at 744.



By order filed January 24, 2007, the PCR court denied and dismissed Heyward's PCR application with prejudice. (App. at 693-98, ECF No. 35-14 at 64-69.)

Heyward, filed a second *pro se* application for post-conviction relief on July 13, 2009 ("2009 PCR") raising the issue that his prior PCR counsel failed to file an appeal from the denial of his 2003 PCR application. (Heyward v. State of South Carolina, 09-CP-10-4331, App. at 700-06, ECF No. 35-14 at 71-77.) The State consented to Heyward belatedly seeking appellate review of his prior PCR action, and on August 24, 2010, the court filed an order dismissing Heyward's 2009 PCR application with prejudice and giving Heyward leave to file a belated petition to seek appellate review of his 2003 PCR application pursuant to Austin v. State.[3] (ECF No. 35-16.)

Heyward, represented by Appellate Defender Elizabeth A. Franklin-Best, Esquire, of the South Carolina Commission on Indigent Defense, filed a petition for a writ of certiorari on August 15, 2011. (ECF No. 35-17.) On July 24, 2013, the South Carolina Court of Appeals issued an order in which it granted the petition for a writ of certiorari pursuant to Austin v. State and, after Austin review, denied Heyward's petition for a writ of certiorari from the final order in the 2003 PCR action. (ECF No. 35-19.) The remittitur was issued August 9, 2013. (ECF No. 35-20.)

Heyward filed a third *pro se* application for post-conviction relief on February 23, 2012 ("2012 PCR"). (ECF No. 35-21 at 12-20.) On January 29, 2013, the court issued a conditional order of dismissal. (ECF No. 35-21 at 1-5.) According to the respondent, this PCR action is still currently pending. (See Respt.'s Mem. Supp. Summ. J., ECF No. 35 at 6.)

---

[3] Austin v. State, 409 S.E.2d 395 (S.C. 1991). "Under Austin, a defendant can appeal a denial of a PCR application after the statute of limitations has expired if the defendant either requested and was denied an opportunity to seek appellate review, or did not knowingly and intelligently waive the right to appeal." Odom v. State, 523 S.E.2d 753 (S.C. 1999); see also King v. State, 417 S.E.2d 868 (S.C. 1992) (explaining the appellate procedure in an Austin matter).



Heyward filed the instant Petition for a writ of habeas corpus on September 4, 2013.[4] (ECF No. 1.)

## FEDERAL HABEAS ISSUES

Heyward raises the following grounds in his federal Petition for a writ of habeas corpus:

**Ground One:** In violation of Petitioner's Sixth Amendment right to relieve trial counsel and represent himself, the trial court erred by denying Petitioner's motion to proceed *pro se*.

**Ground Two:** Petitioner's Fifth, Sixth and Fourteenth Amendment rights were violated by trial counsel's ineffectiveness pretrial, by withholding discovery from Petitioner as well as not reviewing the file with Petitioner.

**Ground Three:** Petitioner was provided ineffective assistance of appellate counsel in violation of his Sixth and Fourteenth Amendment rights to the effective assistance of counsel[.]

(See ECF No. 1).

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary

---

[4] See Houston v. Lack, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).



judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly



established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); Harrington v. Richter, 131 S. Ct. 770, 785 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)); see also White, 134 S. Ct. at 1702 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting Harrington, 131 S. Ct. at 786-87). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Harrington,

131 S. Ct. at 785. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 786. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.     Summary Judgment Motion**

   **1.     Statute of Limitations**

The respondent argues that Heyward's Petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see Gonzalez v. Thaler, 132 S. Ct. 641 (2012). Because Heyward filed a direct appeal, his conviction became final on June 18, 2003—the expiration of the time in which Heyward could have timely filed a petition for rehearing with the South Carolina Court of Appeals following the issuance of the South Carolina Court of Appeals's order dismissing



Heyward's appeal.[5] See Rule 221(a) SCACR (instructing that a petition for rehearing "must be actually received by the appellate court no later than fifteen (15) days after the filing of the opinion, order, judgment, or decree of the court"); Rule 242(d)(2) SCACR ("Only those questions raised in the Court of Appeals *and* in the petition for rehearing shall be included in the petition for writ of certiorari as a question presented to the [South Carolina] Supreme Court.") (emphasis added); Gonzalez, 132 S. Ct. at 653-54 ("[B]ecause [petitioner] did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired."). Accordingly, the limitations period began to run on June 19, 2003 and expired June 18, 2004, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled"); United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (holding that the one-year limitation period in AEDPA should be calculated using the anniversary date method even when the intervening period includes a leap year).

---

[5] Because Heyward did not seek certiorari from the South Carolina Supreme Court, he is not entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court. Hammond v. Hagan, C/A No. 4:07-1081-JFA, 2008 WL 2922860, *3 (D.S.C. July 24, 2008); see also 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari . . . ."); U.S. Sup. Ct. R. 10(b) (stating that certiorari is considered where "state court of last resort" has decided an important federal question); U.S. Sup. Ct. R. 13 (stating that the time period for a petition for a writ of certiorari is 90 days from the decision or judgment of a state court of last resort). The court observes that on February 19, 2009 the South Carolina Supreme Court stated that it "will no longer entertain petitions for writs of certiorari where the Court of Appeals has dismissed an appeal after conducting an Anders review." State v. Lyles, 673 S.E.2d 811, 813 (S.C. 2009). However, Lyles had not been issued at the time of Heyward's direct appeal.



Heyward filed his first state PCR application on October 28, 2003. At that point, 132 days of non-tolled time had accrued since the period of limitations began to run. The period of limitations was tolled during the pendency of the 2003 PCR action. The PCR court filed its order dismissing Heyward's petition on January 24, 2007. As no appeal was filed from this order, this decision became final on February 23, 2007—thirty days after the entry of the order—pursuant to Rule 203(b)(1), SCACR. See, e.g., Allen v. Mitchell, 276 F.3d 183, 185 (4th Cir. 2001) (indicating that the statute of limitations is tolled pursuant to § 2244(d)(2) during the "Appeal Period," which is defined as "the interval between the lower court decision and the deadline for seeking review") (citing Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999)). At this time, Heyward had 233 days of statutory time remaining, which means that Heyward had until October 15, 2007[6] to file a timely federal habeas corpus petition.

Heyward filed a second PCR application on July 13, 2009. However, this application did not toll the statute of limitations for the instant federal Petition because it was filed after the expiration of the one-year limitations period under § 2244(d)(1)(A). To toll the one-year statute of limitations period governing federal habeas petitions, state PCR proceedings must commence prior to the

---

[6] October 14, 2007 was a Sunday. Therefore, Heyward had until the following Monday, October 15, 2007 to file his federal habeas petition. See Fed. R. Civ. P. 6(a)(3); see also Rules Governing § 2254 Cases, Rule 11, 28 U.S.C. foll. § 2254 ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").



expiration of the federal statutory period. See 28 U.S.C. § 2244(d). Even though the court granted Heyward a belated appeal in his 2009 PCR action pursuant to Austin from his 2003 PCR application, this does not entitle Heyward to toll the time between the PCR actions. See McHoney v. South Carolina, 518 F. Supp. 2d 700, 705 (D.S.C. 2007) (finding that no collateral action was "pending," as defined by the AEDPA, during the time between the state court's initial denial of the PCR application and the state court's allowance of a belated appeal of that PCR application and thus the AEDPA's limitations period was not tolled during this time); Hepburn v. Eagleton, C/A No. 6:11-cv-2016-RMG, 2012 WL 4051126, at *3 (D.S.C. Sept. 13, 2012) (same); see also Evans v. Chavis, 546 U.S. 189, 192 (2006) ("[T]he time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law.") (emphasis in original); Moore v. Crosby, 321 F. 3d 1377, 1381 (11th Cir. 2003) ("The statutory tolling provision does not encompass a period of time in which a state prisoner does not have a 'properly filed' post-conviction application actually pending in state court."). Thus, Heyward's 2009 PCR application did not toll or revive the already expired statute of limitations for filing his federal habeas action.

Likewise, Heyward's third PCR application—filed February 23, 2012—would not toll the statute of limitations for the instant federal Petition because it was filed after the expiration of the one-year limitations period under § 2244(d)(1)(A). Accordingly, Heyward's statutory deadline expired on October 15, 2007.

Heyward's federal Petition was filed on September 4, 2013—over five years after the expiration of the statute of limitations.



### 2. Heyward's Arguments

In his opposition memorandum to the respondent's motion, Heyward appears to argue that he is entitled to equitable tolling, alleging that "petitioner[']s trial counsel, appellate counsel[,] and PCR counsel *totally abandoned* petitioner." (ECF No. 41 at 2) (emphasis in original). Heyward also argues that the Charleston County Clerk of Court failed to send him a copy of the Order of Dismissal issued January 24, 2007 dismissing his 2003 PCR action. (Pet., ECF No. 1 at 17.)

To avoid application of § 2244(d) regarding the timeliness of the instant federal habeas Petition, Heyward must show that the one-year limitations period should be equitably tolled under applicable federal law. See Holland v. Florida, 560 U.S. 631 (2010) (concluding that § 2244(d) is subject to the principles of equitable tolling); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (same). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citation omitted); see also Holland, 560 U.S. at 649. Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003) (internal quotation marks and citation omitted); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246.

Heyward has not established grounds for equitable tolling. The court observes that attorney misconduct that is beyond a garden variety claim of attorney negligence may present a basis for



equitable tolling. See Holland, 560 U.S. at 651-52. However, the allegations in this case do not appear to warrant equitable tolling. Although Heyward relies on Holland to argue that he is entitled to equitable tolling due to abandonment by his attorney, Heyward does not explain how he was abandoned, by whom, and how this alleged abandonment affected Heyward's ability to file his federal habeas petition. Accordingly, Heyward's conclusory allegations of attorney abandonment are insufficient to rise to the "extraordinary" instance described in Holland. Id. at 649-652.

Additionally, Heyward has failed to provide sufficient information to demonstrate that he has been pursuing his rights diligently to timely file a federal habeas petition. See Pace, 544 U.S. at 418; see also Holland, 560 U.S. at 649; Pace, 544 U.S. at 419 (denying equitable tolling to a habeas petitioner who waited years to file his PCR petition and months after his PCR trial to seek relief in federal court); Harris, 209 F.3d at 330 ("Under long-established principles, petitioner's lack of diligence precludes equity's operation."). Heyward has made no argument to explain why he waited over five years to file his federal Petition and has presented no extraordinary circumstances that prevented him from diligently pursuing his rights. Moreover, to the extent that Heyward's arguments could be construed to allege that he is entitled to equitable tolling due to lack of knowledge of the law, they are unavailing. See Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) (rejecting equitable tolling where a petitioner alleged lack of legal knowledge or legal resources); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.") (internal quotation marks and citations omitted); Jones v. South Carolina, C/A No. 4:05-2424-CMC-TER, 2006 WL 1876543, at *3 (D.S.C. June 30, 2006) ("Other courts addressing equitable tolling have found that 'extraordinary circumstances' are *not*: having an inadequate law



library, . . . claims of actual innocence, reliance on other inmates' advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness.") (emphasis in original).

## RECOMMENDATION

Based upon the foregoing, the court finds that Heyward's Petition was not timely filed and is therefore barred by § 2244(d). Accordingly, the court recommends that the respondent's motion for summary judgment (ECF No. 34) be granted and Heyward's Petition dismissed as untimely. In light of the court's recommendation, Heyward's motions for discovery and for a evidentiary hearing (ECF Nos. 15 & 16) should be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 22, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).