IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

|  |  |
|---|---|
| Anthony Heyward ) | |
| ) | Civil Action No: 0:13-cv-02459-RMG |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | |
| Warden Joseph McFadden, ) | |
| *Lieber Correctional Institution*, ) | |
| Respondent. ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending that the Court grant Respondent's Motion for Summary Judgment. (Dkt. No. 43). Petitioner did not file objections to the R&R. For the reasons set forth below, the Court adopts the R&R and grants Respondent's motion.

### Background

The petitioner, Anthony Heyward, was sentenced to thirty years' imprisonment after being convicted of criminal sexual conduct in the first degree, kidnapping and grand larceny of a motor vehicle. (Dkt. No. 1 at 1). The South Carolina Court of Appeals dismissed Petitioner's direct appeal, and remittitur was issued on July 7, 2003. (Dkt. No. 35-8 at 1). Heyward did not seek further review by a higher state court. (Dkt. No. 1 at 2).

Heyward's initial PCR application, filed on October 28, 2003, was denied and dismissed with prejudice on January 24, 2007. (Dkt. No. 35-14 at 64-69). On August 24, 2010, the state court dismissed Heyward's second PCR application but gave Heyward leave to seek belated appellate review of his first application. (Dkt. No. 35-16).

1

After receiving leave to seek review, Heyward filed a petition for writ of certiorari on August 15, 2011. (Dkt. No. 35-17). On July 24, 2013, the South Carolina Court of Appeals granted the petition under *Austin v. State* and then denied the petition from the final order in the 2003 PCR action. (Dkt. No. 35-19). Petitioner filed a third application for post-conviction relief, which is apparently still pending. (Dkt. No. 35-21 at 12-20; Dkt. No. 35 at 6).

Heyward filed this petition for writ of habeas corpus on September 4, 2013, alleging that trial counsel provided ineffective assistance, that he was denied the right to represent himself and that he was denied access to discovery and other documents. (Dkt. No. 1).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court makes a *de novo* determination of those portions of the R&R to which specific objection is made and may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Here, because no objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee note). Further, the Court may adopt the Magistrate Judge's analysis and recommendation without explanation. *See, Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

## Discussion

This Court agrees with the Magistrate Judge that Heyward's petition is time-barred. Plaintiff's one-year statute of limitations began running on June 18, 2003, when his time expired

to file a petition for rehearing with the South Carolina Court of Appeals on the direct review of his criminal case. *See* 28 U.S.C. § 2244(d)(1)(A). The period of limitations was tolled from October 28, 2003, until February 23, 2007, while his PCR application was pending. *See* 28 U.S.C. § 2244(d)(2). Thus, the statute of limitations ran on October 15, 2007, as explained in the R&R. The petition was not filed until September 4, 2013, almost six years later.

The Court also agrees with the Magistrate Judge that Petitioner has not shown that he pursued his rights diligently and that some extraordinary circumstance prevented him from filing a timely petition. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Therefore, Petitioner is not entitled to equitable tolling of the statute.

## Conclusion

For the reasons stated above, the Court adopts the R&R (Dkt. No. 43) as the Order of this Court. Accordingly, Respondent's motion for summary judgment (Dkt. No. 34) is GRANTED, and the Petition is DISMISSED as untimely. Petitioner's motions for discovery and for hearing (Dkt. Nos. 15 & 16) are DENIED AS MOOT.

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*,

252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

June 20, 2014
Charleston, South Carolina